IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



JOHN ANTONIO CASILLAS,

    Petitioner,

vs.                           CIVIL ACTION NO.: CV206-004

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner John Casillas ("Casillas"), an inmate currently incarcerated at the Federal Satellite Low Camp in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Casillas filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Casillas was convicted in the United States District Court for the District of Puerto Rico of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and use of a communication facility, in violation of 21 U.S.C. § 843; he was sentenced to 292 months' imprisonment. Casillas filed an appeal, and the First Circuit Court of Appeals affirmed his convictions and sentence. United States v. Casillas, 8 F.3d 809 (1st Cir. 1993)(Table).

Casillas filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The trial court denied his motion, as well as his motion for reconsideration.

AO 72A
(Rev. 8/82)

The First Circuit affirmed the trial court's denial of Casillas' motion. (3:97-cv-01645-CC, Doc. Nos. 2, 24, 59, and 69.)

Through the instant petition, Casillas seeks to preserve claims pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), once the Supreme Court makes these decisions retroactively applicable to cases on collateral review. Casillas asserts that the Supreme Court's decisions in these cases cancel Public Law 98-473, which in turn defeats the right of the United States Marshals Service and the United States Bureau of Prisons to enforce a judgment against him. (Pet., p. 3.) Casillas also asserts that the criminal judgment entered against him is void and cannot stand.

Respondent avers that Casillas' petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Casillas has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that Blakely and Booker do not apply retroactively to cases on collateral review. (Mot., p. 2.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

2

AO 72A
(Rev. 8/82)

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Casillas has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He presumably asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention. Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Casillas bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Casillas was sentenced in the District of Puerto Rico on November 15, 1991, and the First Circuit Court of Appeals affirmed his convictions and sentence. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Casillas to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). Casillas' contention that he simply wishes to "preserve" claims pursuant to Blakely and Booker until the Supreme Court makes these decisions retroactively applicable is unavailing.

In short, Casillas has failed to establish that his claims are based on a retroactively applicable Supreme Court decision or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Simply because the trial

court denied Casillas' previously filed section 2255 motion does not render section 2255's remedy inadequate or ineffective. Casillas has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Casillas cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Casillas is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 3) be **GRANTED**. Casillas' petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 12th day of July, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE